46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard G. PARRISH, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-15984.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 14, 1994.
Decided: Jan. 6, 1995.
 
 Before: HUG, CANBY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Parrish appeals the district court's grant of summary judgment for defendant Allstate Insurance Company ("Allstate") on the ground that the district court erred in determining that Parrish failed to produce evidence that raised a genuine issue of fact as to pretext in his age discrimination and retaliatory discharge claims. Parrish further contends that the district court erred in granting summary judgment for Allstate on Parrish's contract claim. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 We review a district court's grant of summary judgment de novo. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir. 1991). To raise a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. Id. at 1437 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).
 
 
 4
 Under Lindahl, Parrish must first establish a prima facie case of age discrimination. Id. at 1437. Once established, Allstate must "articulate some legitimate, nondiscriminatory reason" for terminating Parrish's employment. See id. (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). If Allstate satisfies this step, the burden shifts back to Parrish to raise a genuine issue of material fact as to whether Allstate's proffered reason is merely a pretext for age discrimination. Id. at 1438.
 
 
 5
 Here, the district court granted summary judgment for Allstate because Parrish failed to carry his burden on the issue of pretext.[1] We agree with the district court.
 
 
 6
 Allstate maintains that it terminated Parrish's employment because Parrish engaged in chronic sexual harassment. The district court determined that Allstate submitted ample evidence of sexual harassment occurring over a long period of time. This evidence included a written warning that sexual harassment is a terminable offense, sexual harassment training, and a full investigation of a woman's sexual harassment complaint. As many as eight Allstate managers, from the regional and the home office, reviewed the investigation report prior to terminating Parrish's employment. Allstate having articulated a legitimate non-discriminatory reason for its decision, the burden shifted back to Parrish to raise a genuine issue of material fact as to whether Allstate's explanation was merely pretextual.
 
 
 7
 Parrish, however, failed to carry this burden. Under Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981), Parrish may carry his burden at trial "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Parrish failed to provide evidence sufficient for a rational trier of fact to find the proffered reason was a pretext. His principal evidence of discriminatory motive was that two Allstate employees made discriminatory comments about his age in 1987, nearly two and one half years prior to Allstate's termination of Parrish. Parrish also contends that Allstate's discriminatory intent could be inferred from what he characterized as "[t]he defendant's arbitrary implementation of wholly unrealistic performance goals," which were designed to drive him "out of the company." Finally, Parrish argues that Allstate's history of past sexual harassment allegations against him, coupled with the short time span between the filing of his age discrimination complaint and Allstate's commencement of the internal investigation which eventually led to his termination, establish that Allstate's explanation was merely pretextual.
 
 
 8
 We agree with the district court that Parrish failed to produce evidence sufficient to raise a genuine issue of material fact as to whether Allstate's reasons were merely a pretext for discrimination. There is no evidence of age discrimination in the present case. The alleged remarks made by the two Allstate employees in 1987 were not made in connection with Allstate's decision making process and fall into the category of "stray remarks", insufficient to defeat a motion for summary judgment. See, e.g., Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438-39 (9th Cir. 1990). Further, Parrish offered no factual support for his assertion that Allstate arbitrarily set unrealistic performance goals in an attempt to drive Parrish out of the company. Parrish provided no comparative evidence showing that similarly situated, but younger employees, received different goals. He offered no direct, circumstantial, or statistical proof of age discrimination. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 (9th Cir. 1994).
 
 
 9
 Parrish did not produce "specific facts" sufficient to defeat a summary judgment motion. See Lindahl, 930 F.2d at 1438. Nor did he succeed in establishing that Allstate's explanation was unworthy of credence or that Allstate was more likely motivated by a discriminatory reason. See Burdine, 450 U.S. at 256. Thus, we conclude that the district court did not err in granting summary judgment in favor of Allstate on Parrish's age discrimination claim.
 
 II.
 
 10
 Parrish next contends that the district court erred in granting summary judgment for Allstate on his retaliatory discharge claim. As with his age discrimination claim, we conclude that Parrish failed to raise a genuine issue of material fact to preclude summary judgment.
 
 
 11
 Parrish claims he was discharged in retaliation for filing an age discrimination claim against Allstate on June 13, 1990. The basis of his retaliatory discharge claim is that Allstate commenced an investigation just two weeks after he filed his age discrimination claim, and that this investigation led to his eventual termination on August 8, 1990. Allstate asserts that the latest sexual harassment allegation which led to the internal investigation was not made until after Parrish filed his age discrimination claim; thus, Allstate could not have commenced the investigation earlier.
 
 
 12
 The district court granted summary judgment on the ground that Parrish did not establish a prima facie case of retaliatory discharge because Parrish made no attempt to satisfy the causal link between the filing of the discrimination claim and his termination. The district court also determined that even if Parrish established a prima facie case of retaliatory discharge, Parrish failed to produce evidence rebutting Allstate's proffered non-retaliatory reason for terminating his employment.
 
 
 13
 Assuming arguendo that Parrish established a prima facie case of retaliatory discharge, we nonetheless conclude that Parrish failed to carry his burden of showing that Allstate's alleged explanation was merely a pretext for unlawful retaliation. See Yartzoff v. Thomas, 809 F.2d 1371, 1377 (9th Cir. 1987). To survive summary judgment, Parrish needed to produce specific, substantial evidence that raised a genuine issue of material fact as to pretext. See J.R. Simplot, 26 F.3d at 890. This he failed to do.
 
 
 14
 Parrish offered no evidence demonstrating that Allstate's decision to terminate him was more likely or substantially motivated by retaliatory reasons. Nor did he offer evidence discrediting Allstate's explanation that it terminated him because he was a chronic sexual harasser. Without specific facts rebutting Allstate's explanation for termination, Parrish cannot defeat a motion for summary judgment. We conclude that the district court did not err in granting summary judgment for Allstate on Parrish's retaliatory discharge claim.
 
 III.
 
 15
 Parrish's final argument is that the district court erred in granting summary judgment for Allstate on Parrish's contract claim. This argument has no merit.
 
 
 16
 Parrish contends that because Allstate employed him for seventeen years prior to the termination of his employment, he enjoyed the protection of an implied "for-cause" employment contract. What Parrish fails to recognize is that he signed a fully integrated written contract nearly one year prior to his discharge that specifically stated that his employment could be terminated at will by either party. The new agreement stated that it superseded all previous agreements. Parrish does not contend that this written contract is invalid. See Shapiro v. Wells Fargo Realty Advisors, 199 Cal. Rptr. 613, 622 (1984) ("There cannot be a valid express contract and an implied contract, each embracing the same subject, but requiring different results."). The district court did not err in granting summary judgment for Allstate.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Allstate assumed, for the purposes of its summary judgment motion, that Parrish could establish a prima facie case of age discrimination. Thus, the district court focused its inquiry on the second and third steps of the Lindahl/McDonnell Douglas analysis